FILED

MAY 11 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JOSEPH S. CUNNINGHAM and<br>CANDICE A. CUNNINGHAM,<br><br>Debtors. | Chapter 13<br><br>Case No. 4-06-01385-EWH<br><br>MEMORANDUM DECISION |

## I. INTRODUCTION

The Debtors failed to file a motion to assume their non-residential restaurant lease by the deadline imposed by 11 U.S.C. § 365(d)(4). The lease was, therefore, deemed rejected as of March 4, 2007. The landlord is now entitled to possession of the leased premises. The reasons for this holding are set forth in detail in the balance of this Memorandum Decision.

## II. FACTS AND PROCEDURAL HISTORY

Debtors, who operate a coffee shop in a strip mall in Vail, Arizona, filed for Chapter 13 relief on November 2, 2006. Their lease ("Lease") with Old Vail Station, L.L.C. ("Landlord") was listed on Schedule G. The Lease was for a five-year term commencing on April 30, 2005. Rent payments were due on the 15th of every month.

Prior to the filing of their petition, the Debtors were frequently delinquent on paying rent. The Landlord sent a number of rent demand letters and commenced forcible entry and detainer proceedings on two separate occasions in 2006.

On December 1, 2006, approximately one month after the filing of the Chapter 13 petition, the Debtors and the Landlord entered into an amendment of the Lease ("Second Amendment") which increased the monthly rent by $300 and permitted Debtor to sell beer and wine. Paragraph 3 of the Second Amendment provides that "[a]ll other terms of the Lease as amended shall remain the same."

The Debtors did not make a rent payment on March 15, 2007. On March 22, the Landlord filed a "Motion to Declare Rejection of Lease and Order Surrender of Possession to Landlord" ("Rejection Motion") on the grounds that the Debtors had failed to timely move for assumption of the Lease.

After the Rejection Motion was filed, the Debtors tendered a check for the March rent, which the Landlord asserts was written on insufficient funds and was, therefore, returned to Debtors' counsel. The filing of the Rejection Motion was also followed by a flurry of pleadings including: Debtors' Response and Amended Response to the Rejection Motion, Debtors' "Motion to Approve Post-Petition Lease and Alternatively to Declare That Lease Was Timely Assumed" ("Assumption Motion"); Debtors', Brief in support of the Assumption Motion; Landlord's Reply to Debtors' Amended Response to the Rejection Motion.

At the April 24, 2007 hearing on the Assumption and Rejection Motions, the Debtors were ordered to make the March and April rent payments within five business

2

days and to timely make the May payment. Both the Assumption and Rejection Motions were taken under advisement. The matter is now ready for decision.

## III. JURISDICTIONAL STATEMENT

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

## IV. ISSUES TO BE DECIDED

1. Does the deadline of 11 U.S.C. § 365(d)(4), which requires that a motion to assume an executory contract be filed within 120 days of the petition date, apply to the Lease?

2. Even if the deadline of 11 U.S.C. § 365 (d)(4) applies to the Lease, did the execution of the Second Amendment satisfy the deadline?

## V. DISCUSSION

A. § 365(d)(4) – Deadline Applies to the Lease

The Debtors argue that the Second Amendment constituted a new postpetition lease, which is not subject to the deadline imposed by § 365(d)(4). There is nothing in the record to support the Debtors' claim. The language of the Second Amendment is clear and unambiguous. It provided that the Lease was being amended, not that new agreement was being entered into by the parties.

In re Dant and Russell, Inc., 853 F.2d 700 (9th Cir. 1988) cited by the Debtors to support their assertion that executing the Second Amendment was an "ordinary course

3

of business" transaction not subject to § 365 and not requiring court approval under § 363(b) is distinguishable. In that case, the leases in question had expired postpetition and the debtor, without notice to creditors, entered into new leases which the court found to be within the ordinary course of the debtors' business. The facts in this case are different. The Lease had not expired postpetition and the Second Amendment is not a new agreement, but an amendment to the prepetition Lease. Accordingly, the Debtors were required by § 365(d)(4) to file a motion to assume the Lease within 120 days of the petition date, which was March 4, 2007. Failure to comply with the § 365(d)(4) deadlines is generally fatal to a debtor's effort to assume an executory contract because court approval of an assumption is required.

> Because a non-debtor party to an assumed lease obtains an administrative claim and, therefore, priority in payment over other unsecured creditors, by virtue of assumption of a lease, the Bankruptcy Code does not permit a debtor to assume an unexpired lease without court approval and prior notice to creditors. In re JAS Enterprises, 180 B.R. 210, 215 (D. Neb. 1995).

B.  Executing the Second Amendment Did Not Satisfy § 365(d)(4)

Debtors argue that even if the § 365(d)(4) deadline applies to the Lease, it should not be imposed in this case. First, they argue that they put the Chapter 13 Trustee and the court on notice that they were assuming the Lease by referring to it in a fee application made by Debtors' counsel. Rule 6006 governs the procedure which must be followed to assume an unexpired lease. It requires that notice be given to the other party to the contract. See Rule 6006(c). The Landlord was not served with the Debtors' lawyer's fee application.

4

The Debtors' second argument is that because the Landlord entered into the Second Amendment, the Landlord had notice of the Debtors' intent to assume the Lease and that the Landlord and its lawyers are engaging in "gotcha litigation tactics" by filing the Rejection Motion. However, there is nothing inconsistent in the Landlord executing the Second Amendment and seeking to enforce the § 365(d)(4) deadline. There is no evidence that by executing the Second Amendment, the Landlord waived its rights under § 365(b)(1), which require, as a condition of any assumption, that: (1) any default be promptly cured; (2) the non-debtor party to the lease or contract be compensated for any pecuniary loss resulting from the default; and (3) adequate assurance of future performance be provided. The Second Amendment did not address the requirements of § 365(b)(1) and did not contain a waiver by the Landlord that the requirements of § 365(b)(1) and § 365(d)(4) not be met.

If the Debtors wanted to assume the Lease, they had to comply with the deadlines of § 365(d)(4) and Rule 6006 by timely filing a motion to assume, which would have required notice to the Landlord and given the Landlord an opportunity to object. Given the Debtors' history of postpetition late payments, the Landlord may have decided to file an objection. As noted by the Landlord in its Reply Brief, strict compliance with the requirements of § 365(d)(4) is required to avoid situations where courts are forced to speculate on the meaning of the conduct between the parties. In re Treat Fitness Center, 60 B.R. 878, 879 (9th Cir. BAP 1986).

5

## VI. CONCLUSION

The Second Amendment was not a new lease, but an amendment to a prepetition lease which the Debtors had to move to assume by March 4, 2007. They did not do so. Accordingly, the Lease was deemed rejected as of March 4, 2007. The Debtors must surrender the leased premises to the Landlord no later than 10 calendar days from the date of this Memorandum Decision. An order consistent with this Memorandum Decision will be entered this date.

DATED: May 11, 2007

/s/ Eileen W. Hollowell
HONORABLE EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

COPIES mailed this 11th day of May, 2007, to:

Ronald Ryan, Esq.
Ronald Ryan, P.C.
1413 East Hedrick Drive
Tucson, AZ 85719-2633
Attorney for Debtors

Robert M. Savage, Esq.
Stubbs & Schubart, P.C.
340 North Main Avenue
Tucson, AZ 85701
Attorneys for Old Vail Station, L.L.C.

Dianne C. Kerns
Chapter 13 Trustee
7320 North La Cholla #154 PMB 413
Tucson, AZ 85741-2305

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

By  /s/ Jannis Medina
      Judicial Assistant

7